## ARTHUR JONES v. STATE.

No. A-4403.   Opinion Filed Feb. 13, 1924.
(223 Pac. 200.)

(Syllabus.)

**Homicide—Evidence Sustaining Conviction for Murder.** In a prosecution for murder, evidence held to sustain a finding that the killing was premeditated, and that defendant was therefore guilty of murder, and assessing imprisonment for life as the punishment.

Appeal from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Aruthur Jones was convicted of murder, and he appeals. Affirmed.

Reily, Carlton & Hendon, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J.   Arthur Jones was tried for murder upon an information charging that he did, on October 17, 1921, kill and murder one Semp Hudgins.. The jury returned a verdict finding him guilty of murder and assessing his punishment at imprisonment in the penitentiary for life at hard labor. He has appealed from the judgment rendered upon such conviction, but there has been no appearance in his behalf on his appeal.

The assignments of error relate to rulings of the court in the admission and the exclusion of evidence, and instructions given to the jury.

The testimony discloses that on the night of the 27th day of October, 1921, there was a dance at the home of Jack Taylor, near Tribby, which was attended by a number of people of the neighborhood. The defendant appeared at the dance, apparently somewhat under the influence of liquor.

He spoke to, two or three persons in the yard and then walked out to the road where deceased and three other men were standing and talking. The defendant asked Frank Boyd, "Who is the big man standing back of me?" two or three times. Deceased turned around and said, "If you want to know who I am, I can tell you." Defendant said, "I don't care to know who you are," then pulled his gun and fired a shot into the ground. Deceased said, "Here, don't do that." The defendant took two, or three steps backward and shot deceased. The bullet entered just above the left groin, passing through the bladder, lodged in the pelvic cavity. Death resulted three days later.

Otis Abbott testified:

"There was a bunch of us standing on the porch; the defendant called me around by the side of the house and pulled out this 32 Colts. I said, 'You had better put that thing up; you are liable to kill somebody.' He said, 'I don't give a damn; I am going to kill some damn son of a bitch before the dance is over. I have a gallon of whisky out here and you stay here until I get back.' I waited some three or four minutes; then the gun fired."

Bart Hudgins testified:

"I was going towards the house and met the defendant, he had a gun in his hand, he stopped and said, 'I know who you are, you are not the man I am looking for.' That he went on out to the road. It wasn't but a few minutes until I heard the shots."

Arthur Jones, the defendant, testifying in his own behalf said he went to Taylor's dance with Frank Boyd and while he was tying the team Otis Abbott rode up, and he saw him hide a quart fruit jar of whisky. That he left the house with Bert Hale, Tom Morton, and one or two others, and they found the whisky and drank it, and he came back to the

house. That Frank Boyd gave him this pistol out in the yard, he buckled it on, and went out into the road. Three or four persons were standing there. Frank Boyd came out, and he said to Boyd, "Who is that big fellow," and Mr. Hudgins says, "I could find out if I wanted to know," and I told him I didn't care to know. That he pulled this gun and shot down into the ground, and Frank Boyd grabbed the gun and pulled back this way; the gun being a double action sixshooter it went off. That he had no intention of shooting anybody, and did not know Mr. Hudgins.

While the defendant is not represented in this court, we have carefully read the record, and find it free from substantial error. The case appears to have been fairly tried and submitted to the jury by instructions that fully covered the law of the case.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.